UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NEAL WAANANEN | : | CIVIL NO. 3:02CV2307(JBA) |
| *Plaintiff*, | : | |
| v. | : | |
| | : | |
| TIMOTHY BARRY, | : | |
| EDWARD LYNCH, | : | |
| JOHN REARICK and | : | |
| SUE KUMRO | : | |
| *Defendants*. | : | May 10, 2004 |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO
STRIKE CERTAIN EXHIBITS**

At the outset, of this response the defendant reminds that court that Exhibits 11, 12, and 13 were produced by the plaintiff in response to a discovery request and verified by affidavit to the accuracy of these exhibits.

MEDICAL RECORDS (Exhibit 12 & 13).

Rule 803(4) of the Federal Rules of Evidence excludes from the hearsay rule all statements made for the purpose of medical diagnosis or treatment and describing medical history, past or present symptoms, pain, sensations or the inception or general character of the cause or external source of them. This exception is based on the strong motivation of the plaintiff to tell the truth about such information. Wilson v. Zapata Off-Shore Co., 939 F.2d 260 (5th Cir. 1991). Statements made to hospital attendants, ambulance drivers or even members of the family may be included. Fed. R. Evid. 803 (4),

Adv. Comm. Notes (1972). The exception further extends to causation, but not to fault. United States v. Pollard, 790 F.2d 206 (7th Cir. 1992).

In the present case, the plaintiff's medical statements made while at Hartford Hospital during his psychological examination (Exhibit 12) are excluded from the hearsay rule. The same is true of any statements of the plaintiff's "symptoms, mental status and focus of treatment" recorded by Dr. Colby on pages 5-9 of exhibit 11.

Alternatively, Rule 803(3) excludes from the hearsay rule all statements of the declarant's then existing state of mind, emotion, sensation or physical condition. Fed. R. Evid. 803(3).

These exceptions would exclude hearsay statements only if offered to prove the truth of the statements contained therein. In this case, the statements can support the "non hearsay" purpose of showing what information was available to defendant Barry when the plaintiff was referred to EAP for follow up to make sure he was fit for service. Contrary to the plaintiff's assertion, Hartford Hospital specifically recommended that the plaintiff "follow up with EAP." (Ex. 12, p. 1).

ENFIELD POLICE REPORT (Exhibit 13):

The Enfield police report is not hearsay because it is not being offer for the truth of matters asserted therein. It is being offered to show <u>what information that defendant Barry was working under that prompted his decisions</u>. So this material is not objectionable based on hearsay. See Fed. R. Evid. 801. The plaintiff is angry and embarrassed that the police had to come to his home because of his irrational conduct, even though he admits that when the state police arrived at his home "he knew the drill." Now, he wants to claim a constitutional violation because he thinks that his superiors

2

should have known that he was fit for duty and not going to injure himself or others. The plaintiff takes this position despite that fact that he admits in his deposition to assaulting John McGunigle.  In short, Exhibit 13 is not hearsay.

Furthermore,  all of the key factual information in exhibit 13, the Enfield Police report, is stated in detail in the affidavits of  Rosanne Waananen (Exhibit 1) and John McGunigle (Exhibit 2). So, for that standpoint the plaintiff's motion to strike is meaningless.

DSMV IV:

In Exhibit 11 on pages 5-6, the court will see a reference to "AXIS I 309.28." This is a reference to the psychological condition that is observed by Dr. Colby about the plaintiff.  It refers to the DSMV IV diagnostic code "Adjustment Disorders. Exhibit 11 is offered to explain the diagnostic code appearing on Dr. Colby's records. The records support the non-hearsay purpose to show the information that justified defendant Barry's decision that the plaintiff complete EAP counseling to assure that he was fit for duty. It is also material to the issue of the defendant's good faith conduct that underlies the defense of  qualified immunity.

WHEREFORE, the plaintiff's motion to strike Exhibits 11-14 should be denied.

        DEFENDANTS,

        RICHARD BLUMENTHAL
        ATTORNEY GENERAL

BY: _____
     Joseph A. Jordano  (ct 21487)
     Assistant Attorney General
     55 Elm Street, P.O. Box 120
     Hartford, CT 06141-0120
     Tel: 860-808-5340
     Fax: 860-808-5383
     E-mail: Joseph.Jordano@po.state.ct.us

## **CERTIFICATION**

I hereby certify that a copy of the foregoing has been mailed on this 10th day of May, 2004, to all counsel of record.

    John R. Williams, Esq.
    Williams & Pattis, LLC
    51 Elm Street, Suite 409
    New Haven, CT 06510

        _____
        Joseph A. Jordano
        Assistant Attorney General