UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| NEAL WAANANEN | : | CIVIL NO.  3:02CV2307(JBA) |
| *Plaintiff*, | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| TIMOTHY BARRY, | : |  |
| EDWARD LYNCH, | : |  |
| JOHN REARICK and | : |  |
| SUE KUMRO | : |  |
| *Defendants*. | : | May 26, 2004 |

## DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO STRIKE RULE 56(c) STATEMENTS

The plaintiff's response to the defendants' motion to strike portions of his Rule 56(c) statement is odd because it is axiomatic that only admissible evidence may be considered in support or resistance to summary judgment. Plaintiff's reliance on cases that focus on the "form" of the evidence misses the point entirely.  The defendants have made evidentiary objections to certain assertions in the plaintiff's Rule 56(c) statement no different that if the same evidence were offered at trial. The principles concerning admissibility of evidence do not change on a motion for summary judgment,   Raskin v. Wyatt Co., 125 F.3d 55, 66 (2d Cir. 1997); Newport Elecs. v. Newport Corp., 157 F. Supp. 2d 202, 208 (D.Conn. 2001).

Furthermore, the fact that the plaintiff testified to certain opinions, perceptions or facts, as he sees them, does not automatically make all of his testimony admissible. To be admissible, the facts asserted by the plaintiff must be just that, facts and not unsubstantiated opinions.  Irrelevant, speculative or hearsay evidence is not admissible.

The rules of evidence do not change just because the plaintiff is resisting summary judgment.

An explanation as to why the cited paragraphs in the plaintiff's Rule 56(c) must be stricken on evidentiary grounds is as follows:

Paragraphs 4-5:  The plaintiff's perception of Sgt. Kumro's duty as the person in charge of EAP is immaterial to the plaintiff's claim that his Fourth Amendment rights were violated.  Furthermore, in paragraph 5, the plaintiff does not state "what" information was allegedly shared between defendants Kumro and Lynch, much less establish how this fact, if true, pertains to the plaintiff's Fourth Amendment right against unreasonable searches and seizures.   This is just an example of how far the plaintiff is reaching to assert claims based on his dislike of the defendants because he was angry at his ex-wife for reporting his behavior to the police, rather than based on relevant material facts.

Paragraph 6:  This paragraph is simply an unsubstantiated conclusion about the defendants' involvement in the case with absolutely no foundation. The plaintiff himself admits that defendant Lynch was not even present at his home on the day in question and did not search or seize any of his property. (See Defendants Rule 56(c) statement ¶¶ 24 and 60 and Plaintiff Rule 56(c) response admitting said ¶¶ 24 and 60).  So on its face, this statement is false.   If the defendants "participated" in the events as the plaintiff suggests, his testimony needs to be more specific as to material facts, not just a conclusion.

Paragraphs 7-8: The improper opinion in this paragraph is the plaintiff's speculation as to the motivation for Defendant Barry's decision that the plaintiff undergo a psychological examination and that there was no justification for that decision.  Plaintiff

2

can testify to facts about what happened, but his personal beliefs about whether there was cause for the psychological examination is irrelevant.

<u>Paragraph 15:</u>  The plaintiff admits in his deposition that he does not know who, if anyone, searched his home. His testimony is spelled out in the defendants' Reply Brief. But there is no foundation for the assertion that the "defendants" collectively caused anyone to search his home. The only officers that the plaintiff admits came into his home were Officers Smith and Davoren.  Since it is un-refuted that defendants Lynch and Kumro were not present at the plaintiff's home, it is unfounded speculation that these defendants had any involvement in the decision to ask the plaintiff about the loaded guns he had in his home. Again, the plaintiff can only testify to facts upon which he has personal knowledge, not to speculative conclusions.

<u>Paragraphs 18 -19</u>:   There is no conceivable basis for the admissibility of the plaintiff's opinion about his marriage or his wife's motivation regarding a divorce that the plaintiff actually sought. The same is true of the plaintiff speculation about Trooper Tilley, who is NOT even a defendant in this case.

<u>Paragraphs 21 -22</u>:   Again, then plaintiff's speculation about what another officer thought about Mr. McGunigle is without foundation and is hearsay. Even if the state police officer who took the call from McGunigle thought he was a "crackpot" as the plaintiff suggests, that is not material to this case. The same is true of McGunigle's alleged subsequent apology to the plaintiff.  The pertinent factual issue is not what McGunigle thought after the incident at the plaintiff's home.  Rather, the key issue is what information were the defendants told when they made the decisions they did. The

3

types of facts stated in these paragraphs are irrelevant and would not be admissible at trial.

<u>Paragraph 26-33</u>:   The plaintiff assertions about what conclusions Officers Davoren and Smith reached is pure speculation. The plaintiff can only testify to facts that he saw or heard.  It is ironic that the plaintiff's testimony did not reference specific comments made by Officers Davoren or Smith.  The same is true of plaintiff's speculation about defendant Barry's conclusions.

<u>Paragraph 37</u>:   The plaintiff's comment about what a physician at the hospital allegedly stated is pure hearsay and is not material to the question of why the defendant Barry made the decisions he did.

<u>Paragraphs 33, 39 and 40</u>: This type of testimony is a favorite ploy of the plaintiff. He simply makes an unfounded statement that certain defendants were in a position to stop certain "things" from happening with no specific facts. What exactly could these defendants have prevented, assuming that they had the authority to override Colonel Barry's orders, if he indeed gave any orders.  Such a vague comment not only lacks any foundation, but is speculation.

<u>Paragraph 41</u>:  An overly general statement that the plaintiff suffered undocumented disciplinary action and financial losses are the type of speculation that the rules of evidence were designed to prevent.  This type of testimony without any specific facts is not admissible.

 Defendants remind the court that plaintiff's counsel had the defendants' Rule 56(c) statement of facts before he prepared the plaintiff's response. So it should not have been difficult to obtain the necessary affidavits setting forth admissible facts, versus

irrelevant or speculative opinions. Plaintiff's conclusions about the defendant's motives are NOT admissible facts. The plaintiff has no substantive evidence to justify his conduct that raised sufficient concerns about his psychological state that his wife and neighbor felt compelled to call the state police.  Plaintiff's Rule 56(c) statement is filled with opinions, speculation and vague unsupported factual assertions.

For all of the above reasons, the defendants' motion to strike certain factual assertions in the plaintiff Rule 56(c) statement should be granted.

>DEFENDANTS,
>
>RICHARD BLUMENTHAL
>ATTORNEY GENERAL
>
>BY: _____
>   Joseph A. Jordano  (ct 21487)
>   Assistant Attorney General
>   55 Elm Street, P. O. Box 120
>   Hartford, CT 06141-0120
>   Tel: 860-808-5340
>   Fax: 860-808-5383
>   email: Joseph.Jordano@po.state.ct.us

### CERTIFICATION

The undersigned hereby certifies that on the 26th day of May, 2004, a true and accurate copy of the foregoing was sent by United State mail, postage prepaid, to the following:

> John R. Williams, Esq.
> Williams & Pattis, LLC
> 51 Elm Street, Suite 409
> New Haven, CT 06510

>_____
> Joseph A. Jordano
> Assistant Attorney General